■ MARJORIE S. DEANE, Respondent, v SKADDEN, ARPS, SLATE, MEAGHER & FLOM, Appellant. [642 NYS2d 280] —Order, Supreme Court, New York County (Jacqueline Silbermann, J.), entered December 28, 1995, which, in an action for legal malpractice, denied defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Whatever the wisdom of defendant's standstill agreement with the attorneys for plaintiff's former husband, it is clear that plaintiff was not precluded by the Bermuda matrimonial action, which did not originally seek distribution of the couple's assets, from seeking to have such distribution resolved in a New York court (*see*, Domestic Relations Law § 236 [B] [2], [5] [a]). However, it appears that she was so precluded by the

Bermuda consent decree defendant agreed to, restricting the parties to the matrimonial dispute to the Bermuda courts on the matter of the distribution of their assets. Since it cannot be said as a matter of law that plaintiff would not have done better financially in New York than Bermuda, her complaint for legal malpractice is sufficient to withstand this motion to dismiss. We have considered defendant's remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman and Williams, JJ.